UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

KEVIN BACHHUBER, on behalf of himself
and others similarly situated,   Case No. 3:25-cv-00961

    Plaintiff,

v.

EZ ADVANCE, LLC

    Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, EZ ADVANCE, LLC, hereby responds to Plaintiff's Complaint as follows:

### I. Nature of Action

1. Admitted on that congress enacted the TCPA.

2. Admitted only to the extent that Plaintiff cites certain provisions of the TCPA.

3. Denied.

4. Admitted that Plaintiff has filed this Complaint, but Defendant denies any liability.

### II. Jurisdiction and Venue

5. Admitted.

6. Denied.

7. Denied.

### III. Parties

8. Without knowledge and therefore, Defendant demands strict proof thereof.

9. Admitted.

## IV. TCPA Background

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

## V. Factual Allegations

15. Admitted.

16. Without knowledge and therefore, Defendant demands strict proof thereof.

17. Without knowledge and therefore, Defendant demands strict proof thereof.

18. Without knowledge and therefore, Defendant demands strict proof thereof.

19. Without knowledge and therefore, Defendant demands strict proof thereof.

20. Without knowledge and therefore, Defendant demands strict proof thereof.

21. Without knowledge and therefore, Defendant demands strict proof thereof.

22. Without knowledge and therefore, Defendant demands strict proof thereof.

23. Without knowledge and therefore, Defendant demands strict proof thereof.

24. Without knowledge and therefore, Defendant demands strict proof thereof.

25. Without knowledge and therefore, Defendant demands strict proof thereof.

26. Without knowledge and therefore, Defendant demands strict proof thereof.

27. Without knowledge and therefore, Defendant demands strict proof thereof.

28. Without knowledge and therefore, Defendant demands strict proof thereof.

29. Without knowledge and therefore, Defendant demands strict proof thereof.

30. Admitted.

31. Without knowledge and therefore, Defendant demands strict proof thereof.

32. Without knowledge and therefore, Defendant demands strict proof thereof.

33. Without knowledge and therefore, Defendant demands strict proof thereof.

34. Without knowledge and therefore, Defendant demands strict proof thereof.

35. Without knowledge and therefore, Defendant demands strict proof thereof.

36. Without knowledge and therefore, Defendant demands strict proof thereof.

37. Without knowledge and therefore, Defendant demands strict proof thereof.

38. Without knowledge and therefore, Defendant demands strict proof thereof.

39. Without knowledge and therefore, Defendant demands strict proof thereof.

40. Denied as phrased.

41. Denied.

### VI.   Class Action Allegations

42. Admitted but Defendants deny all liability.

43. Admitted.

44. Admitted.

### Numerosity

45. Denied.

46. Denied.

47. Without knowledge and therefore, Defendant demands strict proof thereof.

48. Without knowledge and therefore, Defendant demands strict proof thereof.

### Commonality

49. Denied.

50. Denied.

### Typicality

51. Denied.

### Adequacy of Representation

52. Without knowledge and therefore, Defendant demands strict proof thereof.

53. Without knowledge and therefore, Defendant demands strict proof thereof.

### Superiority

54. Without knowledge and therefore, Defendant demands strict proof thereof.

55. Without knowledge and therefore, Defendant demands strict proof thereof.

56. Without knowledge and therefore, Defendant demands strict proof thereof.

57. Without knowledge and therefore, Defendant demands strict proof thereof.

58. Without knowledge and therefore, Defendant demands strict proof thereof.

59. Without knowledge and therefore, Defendant demands strict proof thereof.

### COUNT I

60. Defendant restates it response to the allegations contained in paragraphs 1 through 59.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

WHEREFORE, Defendants respectfully requests entry of judgment in its favor in addition to all fees and expenses associated with this matter.

## **AFFIRMATIVE DEFENSES**

1. For its first affirmative defense, Defendant alleges that the Court lacks personal jurisdiction over this Defendant.

2. For its second affirmative defense, Defendant alleges that it had a good faith basis to believe that consent existed based on its use of a third party service to initiate any marketing communications.

3. For its third affirmative defense, Defendant alleges that it established internal procedures designed to prevent solicitations in violation of the TCPA and as such, any violation was not willful.

4. For its fourth affirmative defense, Defendant alleges that Plaintiff has not sustained any damages.

5. For its fifth affirmative defense, Defendant alleges that any proposed class fails on numerosity, commonality, typicality, or adequacy of representation.

WHEREFORE, Defendants respectfully requests entry of judgment in its favor in addition to all fees and expenses associated with this matter.

>Respectfully submitted,
>
>LETO LAW FIRM
>2875 NE 191st Street
>Suite 604
>Aventura, FL 33180
>Tel.    305-341-3155
>Fax:    305-397-1168
>
>*/s/ Matthew P. Leto*
>MATTHEW P. LETO
>Florida Bar No.: 014504
>mleto@letolawfirm.com
>kzelaya@letolawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 13, 2026, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

>*/s/ Matthew P. Leto*
>MATTHEW P. LETO