UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
AT MADISON

| | |
|---|---|
| KEVIN BACHHUBER, on behalf of himself and others similarly situated, | Case No. 3:25-cv-00961-wmc |
| Plaintiff, | Honorable District Judge William M. Conley |
| v. | |
| EZ ADVANCE, LLC, | Honorable Magistrate Judge Anita Marie Boor |
| Defendant. | |

**JOINT RULE 26(f) PRELIMINARY PRETRIAL CONFERENCE REPORT**

Plaintiff Kevin Bachhuber ("Plaintiff") and Defendant EZ Advance, LLC ("Defendant") (together with Plaintiff, the "Parties"), through their undersigned counsel, having conferred pursuant to Fed. R. Civ. P. 26(f) on February 24, 2026, submit this Joint Report pursuant to Rule 16(b) and 26(f) of the Federal Rules of Civil Procedure, this Court's Standing Order for Preliminary Pretrial Conferences, and this Court's February 17, 2026 Order, and in anticipation of the Court's Telephone Pretrial Conference set for March 17, 2026 at 3:00 PM.

**A.    Concise Statement of the Nature of the Case.**

Plaintiff has brought this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012). Plaintiff alleges that these text message solicitations were sent to telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry"). The Plaintiff further alleges that such text messages were made without the consent of the text recipient.

**B.    Any Related Cases.**

None.

C.  **Concise Statement of the Material Factual and Legal Issues to be Resolved at Trial.**

**Plaintiff Statement:**

The class of persons Plaintiff proposes to represent are tentatively defined as:

All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial

The following factual and legal issues are to be decided:

a. Whether Defendant made calls or sent text messages to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls or send the text messages;

b. Whether class certification is appropriate under Fed. R. Civ. P. 23; and

c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**Defendant Statement:**

The following factual and legal issues are to be decided:

While Defendants deny any and all liability in this case, Defendant agrees that the issues set forth above are at issue in this case. In addition, Defendant sets for the following additional issues to be decided:

a. Whether Defendant willfully violated the TCPA;

b. Whether Defendant had a good faith basis to rely on its third party marketing service;

c. Whether the Court has personal jurisdiction over this Defendant.

**D.      A Description of Any Amendments to the Pleadings that Any Party Intends to Make.**

Plaintiff does not intend to file an amended complaint at this time, but if the Plaintiff learns of any further calls or third parties involved in the telemarketing gat issue, they may amend to add those claims. Defendant does not anticipate any amendments at this time.

**E.      The Identity of Any New Parties to Be Added, Including an Explanation as to Why These Parties Must (or Should) Be Added.**

There are none at this time, although Plaintiff intends to file an amendment if facts are uncovered during discovery meriting such amendment. For example, if discovery reveals that third parties physically dialed calls or sent the text messages at issue, Plaintiff may name those third parties.

**F.      Proposed Case Schedule.**

| Event | Date |
|---|---|
| Initial Disclosures under Rule 26(a)(1) | April 25, 2026 |
| Deadline to Seek Leave to Amend Pleadings | June 17, 2026 |
| Deadline to Move for Judgment on the Pleadings | July 17, 2026 |
| Disclosure of Experts | Plaintiff: September 11, 2026<br>Defendant: October 9, 2026 |
| Motions for class certification and Plaintiff's disclosure of class certification expert reports/summaries | November 9, 2026 |
| Opposition to class certification and Defendant's disclosure of class certification expert reports/summaries | December 7, 2026 |
| Reply brief in support of motion for class certification | December 28, 2026 |
| Deadlines for filing *Daubert* motions for class certification experts | Motion: January 18, 2027<br>Response: February 15, 2027<br>Reply: March 1, 2027 |
| Deadline for Filing Dispositive Motions | May 18, 2027 |
| Close of Discovery | September 6, 2027 |
| Trial | October 18, 2027 |

3

If this matter is certified as a class action, a trial will likely last 5-7 days. If it is not, then a trial will likely last 1-2 days.

**G.     Discovery Plan.**

**Matters Listed in Fed. R. Civ. P. 26(f)(3)**

1. **Rule 26(a) Initial Disclosures (Fed. R. Civ. P. 26(f)(3)(A))**

    April 25, 2026

2. **Subjects and Completion of Discovery (Fed. R. Civ. P. 26(f)(3)(B))**

    Plaintiff's use of the phone number referenced in the Complaint; Defendant's communications with Plaintiff; the composition and viability of the proposed class.

3. **Disclosure of Discovery of ESI (Fed. R. Civ. P. 26(f)(3)(C)**

    Electronic documents shall be produced in the form of multi-page, color, bates-numbered PDF images together with load files. All Excel (or other electronic spreadsheet) files, PowerPoint (or other electronic slideshow) files, and photographic files, including any such files attached to emails, shall be produced in native format, if available. The following metadata shall be included in the load files to the extent the metadata is embedded in the individual electronic documents. If there are any issues with the production of these metadata fields, the parties will meet and confer and attempt to resolve them.

    - DocID
    - BegDocID
    - EndDocID
    - Document Type
    - Attach DocIds
    - ParentDocId

- Author
- Filename
- Date Created
- Date Modified
- Md5Hash
- DateSent
- TimeSent
- Subject
- To
- From
- CC
- BCC
- File Source Location/File Path
- Native Link
- Text Path

Non-electronic documents shall be produced as multi-page, color, bates-numbered PDF images together with load files, and only the following metadata fields: DocID, BegDocID, and EndDocID fields.

4. **Privilege (Fed. R. Civ. P. 26(f)(3)(D))**

The Parties do not anticipate any unusual or unique privilege issues. The Parties agree to enter into a Confidentiality Order to govern the production of confidential information and disclosures. The Parties anticipate shortly submitting an order to that effect for the Court's review. The Parties have taken the appropriate steps to preserve discoverable information, including ESI.

5. **Changes to Discovery (Fed. R. Civ. P. 26(f)(3)(E))**

The Parties do not anticipate any need for changes in the limitations on discovery.

6. **Other Orders (Fed. R. Civ. P. 26(f)(3)(F))**

The Parties do not anticipate the need for other orders.

**Matters listed in Magistrate Judge Boor's Standing Order**

1. **Electronically Stored Information**

The Parties expect that most discovery will be in electronic form. To the extent any issues regarding the format for electronic discovery arise, the Parties will confer in good faith before bringing them to the attention of the Court. The Parties expect that there will be ESI relating to the calling and purported consent data to receive the recorded calls at issue.

2. **Limitations on ESI Discovery**

The Parties will be limiting ESI to the putative class period (four years from the filing of the complaint) and the records related to the calling campaign that is the subject of the putative class action.

3. **Methods of how ESI Will Be Facilitated**

The Parties will meet and confer to discuss search terms to apply.

4. **Form in which ESI Will Be Produced**

The Parties respectfully refer to item G(3), above.

H. **Any Other Matter Affecting the Just, Speedy, or Inexpensive Determination of this Case, or which the Court Should Consider in Setting the Schedule.**

The Parties are submitting a proposed schedule that takes into account that matter is a putative class action pursuant to Fed. R. Civ. P. 23, as contemplated by the Court's Standing Order for Preliminary Pretrial Conferences with U.S. Magistrate Judge Anita Marie Boor.

*[Counsel signature to follow on next page.]*

Date:  March 9, 2026

*/s/ Samuel J. Strauss*
Samuel J. Strauss
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610 Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com

Anthony Paronich
**PARONICH LAW, P.C.**
350 Lincoln St., Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
anthony@paronichlaw.com

*Counsel for Plaintiff*

Date:  March 9, 2026

*/s/ Matthew P. Leto*
Matthew P. Leto, Florida Bar No.: 014504
**LETO LAW FIRM**
2875 NE 191st St, Suite 604
Aventura, FL 33180
[T] 305-341-3155
[F] 305-397-1168
mleto@letolawfirm.com

*Counsel for Defendant*