**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

KEVIN BACHHUBER, on behalf of himself
and others similarly situated,                    Case No. 3:25-cv-00961

        Plaintiff,

v.

EZ ADVANCE, LLC

        Defendant.

_____/

### AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant, EZ ADVANCE, LLC, hereby responds to Plaintiff's Complaint as follows:

### I.      Nature of Action

1.      Admitted on that congress enacted the TCPA.

2.      Admitted only to the extent that Plaintiff cites certain provisions of the TCPA.

3.      Denied.

4.      Admitted that Plaintiff has filed this Complaint, but Defendant denies any liability.

### II.      Jurisdiction and Venue

5.      Admitted.

6.      Denied.

7.      Denied.

### III.      Parties

8.      Without knowledge and therefore, Defendant demands strict proof thereof.

1

9. Admitted.

### IV. TCPA Background

10. To the extent that Plaintiff seeks to characterize the terms of the cited statute, Defendant refers to its actual language.

11. To the extent that Plaintiff seeks to characterize the terms of the cited statute, Defendant refers to its actual language.

12. To the extent that Plaintiff seeks to characterize the terms of the cited statute, Defendant refers to its actual language.

13. To the extent that Plaintiff seeks to characterize the terms of the cited statute, Defendant refers to its actual language.

14. Denied. *See e.g. Richards v. Fashion Nova, LLC*, No. 1:25-CV-01145-TWP-MKK, 2026 WL 847568, at *1 (S.D. Ind. Mar. 26, 2026)

### V. Factual Allegations

15. Admitted.

16. Without knowledge and therefore, Defendant demands strict proof thereof.

17. Without knowledge and therefore, Defendant demands strict proof thereof.

18. Without knowledge and therefore, Defendant demands strict proof thereof.

19. Without knowledge and therefore, Defendant demands strict proof thereof.

20. Without knowledge and therefore, Defendant demands strict proof thereof.

21. Without knowledge and therefore, Defendant demands strict proof thereof.

22. Without knowledge and therefore, Defendant demands strict proof thereof.

23. Without knowledge and therefore, Defendant demands strict proof thereof.

24. Without knowledge and therefore, Defendant demands strict proof thereof.

25. Without knowledge and therefore, Defendant demands strict proof thereof.

26. Without knowledge and therefore, Defendant demands strict proof thereof.

27. Without knowledge and therefore, Defendant demands strict proof thereof.

28. Without knowledge and therefore, Defendant demands strict proof thereof.

29. Without knowledge and therefore, Defendant demands strict proof thereof.

30. Without knowledge and therefore, Defendant demands strict proof thereof.

31. Without knowledge and therefore, Defendant demands strict proof thereof.

32. Without knowledge and therefore, Defendant demands strict proof thereof.

33. Without knowledge and therefore, Defendant demands strict proof thereof.

34. Without knowledge and therefore, Defendant demands strict proof thereof.

35. Without knowledge and therefore, Defendant demands strict proof thereof.

36. Without knowledge and therefore, Defendant demands strict proof thereof.

37. Without knowledge and therefore, Defendant demands strict proof thereof.

38. Without knowledge and therefore, Defendant demands strict proof thereof.

39. Without knowledge and therefore, Defendant demands strict proof thereof.

40. Denied as phrased.

41. Denied.

## VI.    Class Action Allegations

42.    Admitted but Defendants deny all liability.

43.    Admitted.

44.    Denied.

### Numerosity

45.    Denied.

46.    Denied.

47.    Without knowledge and therefore, Defendant demands strict proof thereof.

48.    Without knowledge and therefore, Defendant demands strict proof thereof.

### Commonality

49.    Denied.

50.    Denied.

### Typicality

51.    Denied.

### Adequacy of Representation

52.    Without knowledge and therefore, Defendant demands strict proof thereof.

53.    Without knowledge and therefore, Defendant demands strict proof thereof.

### Superiority

54.    Without knowledge and therefore, Defendant demands strict proof thereof.

55.    Without knowledge and therefore, Defendant demands strict proof thereof.

56.    Without knowledge and therefore, Defendant demands strict proof thereof.

57.    Without knowledge and therefore, Defendant demands strict proof thereof.

58.    Without knowledge and therefore, Defendant demands strict proof thereof.

59.    Without knowledge and therefore, Defendant demands strict proof thereof.

## COUNT I

60.    Defendant restates its response to the allegations contained in paragraphs 1 through 59.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

WHEREFORE, Defendants respectfully requests entry of judgment in its favor in addition to all fees and expenses associated with this matter.

## AFFIRMATIVE DEFENSES

1.    For its first affirmative defense, Defendant alleges that the Court lacks personal jurisdiction over this Defendant.

2.    For its second affirmative defense, Defendant alleges that it had a good faith basis to believe that consent existed based on its use of a third-party service to initiate any marketing communications.

3.    For its third affirmative defense, Defendant alleges that it established internal procedures designed to prevent solicitations in violation of the TCPA and as such, any violation was not willful.

4.    For its fourth affirmative defense, Defendant alleges that Plaintiff has not sustained any damages.

5.    For its fifth affirmative defense, Defendant alleges that any proposed class fails on numerosity, commonality, typicality, or adequacy of representation.

6.    For its sixth affirmative defense, Defendant alleges that the claims of putative class are barred because the Plaintiff and/or putative class lack any injury and therefore, lack standing.

7.    Plaintiff's claims and claims of putative class members are barred, in whole or in part, because they did not register their residential telephone lines on the National Do-Not-Call registry.

8.    Plaintiff's claims and claims of putative class members are barred, in whole or in part, because they did not receive telephone solicitations as defined by 47 C.F.R. § 64.1200(f)(15).

9.    To the extent Defendant engaged in any conduct which may have allegedly violated any provision of the TCPA, such alleged violation was unintentional, accidental, and as a result of bona fide error which occurred notwithstanding the procedures reasonably adapted to avoid such error and ensure Defendant's compliance with all applicable statutory, regulatory, and common law requirements. Additionally, Defendant raises its good faith compliance as a defense to Plaintiff's claims and claims of putative class members for treble damages for alleged willing or knowing violations of the TCPA.

10.    Plaintiff's class claims are barred because this court lacks personal jurisdiction over Defendant to maintain a nationwide class action that includes class members who are not citizens of Wisconsin; the court does not have nationwide jurisdiction over Defendant, who is not at home in this State.

11.     Plaintiff's claims are barred as text messages do not fall within the scope of TCPA claims alleged.

WHEREFORE, Defendants respectfully requests entry of judgment in its favor in addition to all fees and expenses associated with this matter.

Respectfully submitted,

LETO LAW FIRM
2875 NE 191st Street
Suite 604
Aventura, FL 33180
Tel.     305-341-3155
Fax:     305-397-1168

*/s/ Matthew P. Leto*
MATTHEW P. LETO
Florida Bar No.: 014504
mleto@letolawfirm.com
kzelaya@letolawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 12, 2026, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ Matthew P. Leto*
MATTHEW P. LETO